UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION, AS LEGAL AND CONVENTIONAL SUBROGEE OF TYRONNE SCOTT AND LUCRETIA SCOTT, | * * * | CIVIL ACTION NO. 2:16-CV-14116 |
| Plaintiff | * | JUDGE MARTIN L.C. FELDMAN |
| VERSUS | * | |
| BMW OF NORTH AMERICA, LLC AND XYZ INSURANCE COMPANY | * * | MAGISTRATE JUDGE WELLS KAREN WELLS ROBY |
| Defendants | * | |

*********************************

## BMW NORTH AMERICA LLC'S OPPOSITION TO MOTION TO COMPEL DEPOSITION DATES AND MOTION FOR EXPEDITED HEARING

Defendant, BMW North America, LLC ("BMW NA"), files this opposition to Plaintiff's Motion to Compel Deposition Dates.

It bears mentioning that during a Settlement Conference before this Honorable Magistrate on July 10, 2017, counsel for BMW NA agreed to continue the discovery cut-off deadline and extended every professional courtesy to Plaintiff's counsel. The next day, on July 11, 2017, BMW NA moved for summary judgment and then traveled to Arizona for the deposition of BMW NA's expert on July 13, 2017. Minutes before the start of BMW NA's expert's deposition, Plaintiff's counsel called undersigned counsel and stated that he had no choice other than to file a motion to compel so that he can request a continuance of BMW NA's motion for summary judgment.

Undersigned counsel objected and asked for a properly scheduled Rule 37 Conference. Undersigned counsel then explained that the crux of BMW NA's motion for summary is that

1

Plaintiff's experts failed to provide evidence in support of plaintiff's defect claims, as required by the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq.* ("LPLA"). BMW NA therefore objects to this motion as it not based on a failure to cooperate in discovery, but on Plaintiff's desperate attempt to avoid judgment on BMW NA's motion for summary judgment.

Further responding, BMW NA states that it has provided dates for the deposition of Michael Donahoe, and his deposition is scheduled for July 24, 2017.

Further responding, and as discussed in more detail below, BMW NA states that the Topics listed in Plaintiff's request for BMW NA's corporate deposition are not relevant and have no tendency to make a fact of consequence in this action more or less probable.

Further responding, BMW NA states that all of the liability experts in this case have rendered expert opinions and provided deposition testimony, and it is too late for Plaintiff to now go on a fishing expedition. At a minimum, Plaintiff should narrow its discovery requests to the opinions rendered by Plaintiff's experts.

## DEPOSITION OF MICHAEL DONAHOE

BMW NA has provided dates for Mr. Donahoe's deposition, and it is currently set for July 24, 2017.

## TOPICS REQUESTED FOR BMW NA'S CORPORATE DEPOSITION

**Topic No. 1:**

This Topic requests BMW NA to provide a corporate representative to testify regarding the "design, manufacture, and any safety or quality testing of the" (2008 BMW 328i, VIN no. WBAVA37538NL47257, "the Subject Vehicle).

**<u>Objection to Topic No. 1:</u>**

BMW NA objects to this Topic because BMW NA has consistently stated that it is the importer and distributor of BMW vehicles in the United States. BMW NA has repeatedly stated that it does not design, develop, manufacture, assemble or test BMW vehicles. BMW NA has further stated that a separate entity, Bayerische Motoren Werke AG ("BMW AG"), designed, tested, and manufactured the Subject Vehicle. BMW NA has further repeatedly stated that BMW AG is the person with knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle.

Because BMW NA has consistently stated that it is the importer and distributor of the Subject Vehicle, on March 2, 2017, Plaintiff's counsel informed counsel for BMW NA that Plaintiff was considering adding BMW AG as a defendant. [ *See* BMW NA Exhibit 1, Affidavit of Krystin M. Frazier]. Plaintiff's counsel sat on their hands for four months and filed a motion to add BMW AG as a party on July 11, 2017. BMW NA now opposes Plaintiff's Motion to add BMW AG as defendant for the reasons stated in BMW's Opposition to Plaintiff's Untimely Motion for Leave to Add a Party Defendant and to Add a New Claim.

Plaintiff has requested this Topic knowing that a separate entity is the person with the knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle. And because Plaintiff has not been diligent in its prosecution of its case, it seeks to demand that BMW NA provide a witness on a Topic that Plaintiff knows is properly directed to a separate and distinct entity.

**TOPIC NO. 2:**

This Topics request BMW NA to provide a corporate representative to testify regarding the "design, manufacture, and any safety or quality testing battery cables and/or terminals connected to battery cables within the Subject Vehicle and/or like models."

**Objection to Topic No. 2:**

BMW NA objects to this Topic because BMW NA has consistently stated that it is the importer and distributor of BMW vehicles in the United States. BMW NA has repeatedly stated that it does not design, develop, manufacture, assemble or test BMW vehicles. BMW NA has further stated that a separate entity, BMW AG, designed, tested, and manufactured the Subject Vehicle and the Component Part at issue in this litigation. BMW NA has further repeatedly stated that BMW AG is the person with knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle and the Component Part.

Because BMW NA has consistently stated that it is the importer and distributor of the Subject Vehicle and the Component Part at issue, on March 2, 2017, Plaintiff's counsel informed counsel for BMW NA that Plaintiff was considering adding BMW AG as a defendant. [BMW NA Exhibit 1, Affidavit of Krystin M. Frazier] Plaintiff's counsel sat on their hands for four months and filed a motion to add BMW AG as a party on July 11, 2017. BMW NA opposes Plaintiff's Motion to add BMW AG as defendant for the reasons stated in BMW's Opposition to Plaintiff's Untimely Motion for Leave to Add a Party Defendant and to Add a New Claim.

Plaintiff has requested this Topic knowing that a separate and distinct entity is the person with the knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle. And because Plaintiff has not been diligent in its prosecution of its case, it seeks to demand that BMW NA provide a witness on a Topic that Plaintiff knows is properly directed to a separate and distinct entity.

4

**TOPIC NO. 3:**

This Topic request that BMW NA provide a corporate representative to testify regarding the "importation of the Subject Vehicle, including but not limited to, the person or entity from whom BMW NA purchased the subject vehicle, the price paid, the date and manner of transport of the Subject Vehicle from outside of the United States and/or within the United States at any time."

**Objection to Topic No. 3:**

BMW NA objects to this Topic as it is not relevant to any party's claim or defense, proportional to the needs of this case or reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's contention that the Subject Vehicle was unreasonably dangerous, as defined by the LPLA. Nor is this Topic in any way relevant to the opinions expressed by Plaintiff's experts in this matter.

Further responding, on November 28, 2016, BMW NA produced the Vehicle Data, which provided the Vehicle Production Date, Series, Retail in Service Date, MSRP, and location of manufacture. [Attached as Exhibit 2]. Having a witness reiterate what is in this document, or having a witness testify regarding the manner in which the Vehicle was transported, has no tendency to make a fact of consequence in this action more or less probable.

**TOPIC NO. 4:**

This Topic requests that BMW NA provide a corporate representative to testify regarding the "sale or distribution of the subject vehicle by or on behalf of BMW NA to any person or entity."

**Objection to Topic No. 4:**

BMW NA objects to this Topic as it is not relevant to any party's claim or defense, proportional to the needs of this case or reasonably calculated to lead to the discovery of

5

admissible evidence regarding Plaintiff's contention that the Subject Vehicle was unreasonably dangerous, as defined by the LPLA. Nor is this Topic in any way relevant to the opinions expressed by Plaintiff's experts in this matter.

Further responding, on November 28, 2016, BMW NA produced the Vehicle Data, which provided the Vehicle Production Date, Series, Retail in Service Date, MSRP, location of manufacture. [*See* Exhibit 2]. Having a witness reiterate what is in this document, or having a witness testify regarding the manner in which the Vehicle was transported, has no tendency to make a fact of consequence in this action more or less probable.

**TOPIC NO. 5:**

This Topic request BMW NA to provide a corporate representative to testify regarding the "identity and nature of all documents exchanged or shared between BMW NA and Peake Motor Co., Inc., d/b/a Peake BMW regarding the Subject Vehicle."

**Objection to Topic No. 5:**

BMW NA objects to this Topic on the grounds that it has absolutely no bearing on Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA.

Moreover, Plaintiff sent a Notice of Records Deposition and Subpoena to Produce Documents, to Peake BMW, on July 14, 2017, requesting all of its documents, and those documents will speak for themselves. Given the quickly approaching trial date, and opinions already expressed, this Topic amounts to nothing more than a fishing expedition.

**TOPIC NO. 6**:

This Topic requests BMW NA to provide a corporate representative to testify regarding the identity and nature of all documents exchanged or shared between BMW NA and BMW AG.

**Objection to Topic No. 6:**

BMW NA objects to this Topic on the grounds that it has absolutely no bearing on Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA. Nor does this request change the fact that BMW NA is the importer and distributor of the Subject Vehicle, and BMW AG is the person with knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle.

**TOPIC NO. 7:**

This Topic requests BMW NA to provide a corporate representative to testify regarding the ability of BMW NA to obtain or access documents or information from BMW AG regarding vehicles purchased or obtained from BMW AG and all persons within BMW NA involved in same.

**Objection to Topic No. 7:**

BMW NA objects to this Topic on the grounds that it has absolutely no bearing on Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA. Nor does this request change the fact that BMW NA is the importer and distributor of the Subject Vehicle, and BMW AG is the person with knowledge regarding the design, testing, certification, safety, and assembly of the Subject Vehicle.

Moreover, like Plaintiff has done with Peake BMW, there was nothing preventing Plaintiff from issuing a subpoena to BMW AG. Instead, Plaintiff seeks a shortcut and to escape the ramifications of it sitting on its hands for four months.

**TOPIC NO. 8:**

This Topic requests BMW NA to provide a corporate representative to testify regarding the corporate structure of BMW NA, including its relationship with BMW AG.

**Objection to Topic No. 8:**

7

BMW NA objects to this Topic on the grounds that it has absolutely no bearing on Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA. And given the quickly approaching trial date, and opinions already expressed, this Topic amounts to nothing more than a fishing expedition.

Moreover, the information requested by Plaintiff can be found in BMW NA's timely filed Corporate Disclosure Statement.

**TOPIC NO. 9:**

This Topic requests that BMW NA provide a corporate representative to testify regarding "any activity, work, or services performed with respect to the Subject Vehicle by or on behalf of BMW NA at any time."

**Objection to Topic No. 9:**

BMW NA objects to this Topic on the grounds that it is yet another fishing expedition that it is not narrowed to Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA. In fact, Plaintiff's experts testified that they had no opinions regarding the maintenance and service of the subject vehicle:

> Q: But is your scope of work in this case related to the maintenance and service of this vehicle?
> A: No.  My job -- my scope was pertaining to the cause and origin of the fire.
> Q: So you're not rendering an opinion in this case regarding whether or not this vehicle was maintained or properly serviced?
> A. No.  I was -- my scope is confined to the cause and origin of the fire.

[ *See* Deposition of Mark Bordelon, p. 92, Exhibit 3].

Plaintiff's other proposed expert, Frank Miller, similarly offered no opinions regarding the maintenance or service of the vehicle:

> Q:  So you have no opinion on whether or not this vehicle was properly maintained and serviced?
> A:  That's correct.

8

> Q: Do you have an opinion whether or not entities who may have performed work on this vehicle, whether or not they did so properly?
> A: I do not.

[*See* Deposition of Frank Miller, p. 87, Exhibit 4].

## TOPIC NO. 10:

This Topic requests that BMW NA provide a corporate representative to testify regarding the "assumption, servicing, or administration of any warranty covering the subject vehicle at any time by or on behalf of BMW NA."

## Objection to Topic No. 10:

BMW NA objects to this Topic on the grounds that it is yet another fishing expedition that it is not narrowed to Plaintiff's experts' opinions in this matter or to whether the Subject Vehicle is unreasonably dangerous, as defined by the LPLA. In fact, Plaintiff's experts testified that they had no opinions regarding the maintenance and service of the subject vehicle:

> Q: But is your scope of work in this case related to the maintenance and service of this vehicle?
> A: No. My job -- my scope was pertaining to the cause and origin of the fire.
> Q: So you're not rendering an opinion in this case regarding whether or not this vehicle was maintained or properly serviced?
> A. No. I was -- my scope is confined to the cause and origin of the fire.

[*See* Bordelon of Mark Bordelon, p. 92, Exhibit 3].

Plaintiff's other proposed expert, Frank Miller, similarly offered no opinions regarding the maintenance or service of the vehicle:

> Q: So you have no opinion on whether or not this vehicle was properly maintained and serviced?
> A: That's correct.
> Q: Do you have an opinion whether or not entities who may have performed work on this vehicle, whether or not they did so properly?
> A: I do not.

[*See* Deposition of Frank Miller, p. 87, Exhibit 4].

9

**TOPIC NO. 11:**

This Topic requests that BMW NA provide a corporate representative to testify regarding "any vehicle fires reported or alleged to have started within any vehicle imported or distributed by BMW NA while the vehicle was parked and not running within the last nine (9) years."

**Objection to Topic No. 11:**

BMW NA objects to this Topic on the grounds that it is overly broad and not limited in scope to the Subject Vehicle at issue in this litigation and to the Component Part at issue in this litigation. This Topic simply bears no relation to any fact at issue here, as this Topic relates to "any vehicle fires" and not those of the Subject Vehicle and its make and model. In fact, in discovery BMW NA produced two Special Product Investigations of the Subject Vehicle, though neither of which were substantially similar to Plaintiff's allegations, so Plaintiff now seeks to expand the scope beyond the subject vehicle and the component part at issue.

**TOPIC NO. 12:**

This Topic requests that BMW NA provide a corporate representative to testify regarding "BMW NA's investigation and/or inspection of the fire incident at issue in this litigation."

**RESPONSE TO TOPIC NO. 12**:

BMW NA does not object to this Topic and has identified Mark Yeldman, Special Product Investigation Manager, as the appropriate person to testify on this matter. However, due to a personal matter, BMW NA has not yet been able to provide dates for Mr. Yeldman's deposition but will do so soon.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel should be denied.

Respectfully submitted,

*/s/  Gary M. Carter*
Gary M. Carter, Jr., T.A. (#27987)
Krystin Mariell Frazier (#33838)
Gregory J. Feeney (#35123)
**KELLY HART & PITRE**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone:  (504) 522-1812
Fax:  (504) 522-1813
gary.carter@kellyhart.com
krystin.frazier@kellyhart.com
greg.feeney@kellyhart.com

*Attorneys for Defendant*
*BMW of North America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a Notice of Electronic filing to all counsel of record.

*Gary M. Carter*