UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION, AS LEGAL AND CONVENTIONAL SUBROGEE OF TYRONNE SCOTT AND LUCRETIA SCOTT | CIVIL ACTION |
| VS. | NO: 16-14116 |
| BMW OF NORTH AMERICA, LLC, ET AL | SECTION: "F" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to Supplement Pleadings and to Add a Related Party Defendant (R. Doc. 45)** filed by the Plaintiff, Lighthouse Property Insurance Corporation, seeking leave to file a supplemental complaint and to add a related party defendant based on information learned during discovery. The motion is opposed. R. Doc. 56. The motion was submitted on July 26, 2017.

## I.     Background

This case was removed from the 40th Judicial District Court for the Parish of St. John the Baptist Parish on August 24, 2016. R. Doc. 1. Plaintiff Lighthouse Property Insurance Corporation, as legal and conventional subrogee of Tyronne Scott and Lucretia Scott, alleges that on November 9, 2015 the Scott's 2008 BMW caught fired while in the Scott's garage due to a manufacturing defect and causing significant damage as a result. R. Doc. 1-1, p. 14. The Scott's were insured by the Plaintiff, who provided coverage for physical damage to the premise, contents and loss of use of the property. *Id.* Pursuant to the policy, the Plaintiff paid $176,090.48 to the Scotts. Id. In addition to another $1,000 deductible incurred by the Scotts, the Plaintiff seeks $177,090.48. As legal and conventional subrogee to the Scotts, the Plaintiff alleges that BMW is liable under the Louisiana Products Liability Act. *Id.*

At this time, the Plaintiff has filed a motion to supplement its pleadings to assert with more detail the particular defects alleged as well as add a related party defendant. R. Doc. 45, p. 1. In particular, the Plaintiff seeks to narrow its allegations to assert that the vehicle was "unreasonably dangerous in construction, composition, and design due to a battery cable terminal being mounted too close to a potential grounding point inside the Automobile's engine compartment unit." R. Doc. 45-3, p. 3. The Plaintiff also seeks to add Bayerische Motoren Wekre AG ("BMW AG") as a defendant in this case. *Id.* at p. 1-2. The instant motion was filed on July 11, 2017. R. Doc. 45. The deadline for filing amendments to pleadings, third-party actions, cross-claims, and counter-claims was November 7, 2016. R. Doc. 8.

The Defendant has opposed the motion. R. Doc. 56. The Defendant argues that the Plaintiff has not demonstrated good cause for the late filing of a supplemental claim and addition of a third party. *Id.*

## II.    Standard of Review

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must

have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**III.   Analysis**

At this time, the Plaintiff has filed a motion to amend its complaint by narrowing its claims under the Louisiana Products Liability Act as well as to add a third party defendant. R. Doc. 45. This motion was filed on July 11, 2017. However, the deadline for filing of motions to amend or add additional parties was November 7, 2016. R. Doc. 8. As such, the motion is untimely and must first be evaluated under Rule 16(b) before the more liberal standard of Rule 15 is applied.

### A. <u>Addition of BMW AG</u>

First, the Plaintiff seeks to add BMW AG as a defendant in the instant case. R. Doc. 45-1, p. 11. The Plaintiff seeks to add BMW AG because it was the manufacturer in fact of the vehicle while BMW NA is the importer and distributor of the vehicle. While the Plaintiff asserts that under the Louisiana Products Liability Act BMW NA is still liable as the manufacturer as the "alter ego" of BMW AG, it seeks to add BMW AG "out of an abundance of caution an of the extent that BMW NA was mistakenly believed to be the manufacturer." *Id.*

The Defendant challenges the Plaintiff's addition of BMW AG at this stage of the litigation. R. Doc. 56. The Defendant argues that the Plaintiff has been repeatedly made aware that BMW AG was the manufacturer of the vehicle, including in its corporate disclosure, R. Doc. 4, as well as in discovery responses from November 2016, R. Doc. 45-7, p. 19 ("The manufacturer of the Subject Vehicle is Bayerische Motoren Were [sic] AG."). R. Doc. 56, p. 2-3. The Defendant further states that on March 2, 2017 the Plaintiff expressly stated during a Rule 37 conference call that they were considering adding BMW AG as a party. R. Doc. 56-1, p. 1.

Here, the Court should deny the motion. The Plaintiff does not offer any explanation for its failure to timely file the amendment other than it first learned that BMW AG was the manufacturer in the discovery responses served after the deadline had passed in November 2016. R. Doc. 45-1, p. 7-8. However, even accepting that the Plaintiff could not have known that BMW AG was the physical manufacturer until November 28, 2016, it is unacceptable that the Plaintiff waited until July 11, 2017—almost eight months—to seek to add BMW AG as a party. While the addition of BMW AG for an alternative theory of recovery may be important to the Plaintiff, there is undoubtedly prejudice to both the Defendant as well as BMW AG in the addition of another party at this stage of litigation with trial set a little over one month away. Nor would a continuance alleviate the potential prejudice as any continuance would result in an unnecessary delay in the

4

trial for the Defendant while the Plaintiff goes through the detailed process of serving BMW AG, a Germany-based foreign entity. Moreover, once BMW AG has joined, discovery would need to further take place as to BMW AG's role as well as potentially further motion practice. At this stage of the litigation, trial is imminent and the Defendant already has a motion for summary judgment pending. Therefore, the request to amend to add BMW AG is denied.

### B. Amendment of Claim under the LPLA

Second, the Court should grant the motion to clarify the design defect. R. Doc. 45-1, p. 7. The Plaintiff seeks to narrow its allegations to state that the vehicle was "unreasonably dangerous in construction, composition, and design due to a battery cable terminal being mounted too close to a potential grounding point inside the Automobile's engine compartment unit." R. Doc. 45-3, p. 3. The Plaintiffs explain that the precise defect was not known to the Plaintiff until their expert's report dated May 10, 2017. R. Doc. 45-8. Certainly, this explanation is more adequate. Additionally, the amendment is important in that it helps clarify and narrow the claims at issue. To this extent, it will also not prejudice the Defendant. The allegations are not new nor do they introduce new facts that have not been previously alleged or disclosed during discovery. Therefore, the Court finds the motion meets Rule 16(b)'s good cause standing.

Once the movant has demonstrated good cause to meet the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a). As an initial matter, the Court notes that there is no evidence that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted). Moreover, the Court does not the amendment would be futile. Therefore, the Court grants the motion to amend under Rule 15 to permit the amendment adding the design defect claim.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Motion for Leave to Supplement Pleadings and to Add a Related Party Defendant (R. Doc. 45)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the Plaintiff's request to add BMW AG as a related party.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the Plaintiff may narrow its allegations to the specific design defect.

**IT IS FURTHER ORDERED** that the Plaintiff file an amended complaint that complies with this order **no later than Monday July 31, 2017.**

New Orleans, Louisiana, this 27th day of July 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**