UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION, AS LEGAL AND CONVENTIONAL SUBROGEE OF TYRONNE SCOTT AND LUCRETIA SCOTT | CIVIL ACTION |
| v. | NO. 16-14116 |
| BMW OF NORTH AMERICA, LLC | SECTION "F" |


ORDER AND REASONS

Before the Court are several motions: (1) BMW North America, LLC's objection to scheduling order and motion to amend; (2) BMW of North America, LLC's *ex parte* motion for a status conference; (3) the plaintiff's motion for leave to file supplemental opposition to motion to disqualify Frank Miller and motion for summary judgment; (4) the plaintiff's motion for leave to file supplemental opposition to motion to disqualify Mark Bordelon; and (5) the plaintiff's motion for leave to file reply memorandum in support of motion for summary judgment. For the reasons that follow, BMW North America, LLC's motions are DENIED, and the plaintiff's motions are GRANTED.

## Background

This product liability litigation arises out of damage to a residence caused by a fire that the homeowners allege originated in the engine of their BMW, which was parked inside the homeowners' garage. Lighthouse Property Insurance Corporation was the homeowners' insurer for the residence and is asserting a subrogation claim against BMW North America, LLC for the damages Lighthouse paid as a result of the fire. BMW NA denies that its vehicle contained any defect that caused a fire. Both sides retained experts. Each party disputes the admissibility of the other side's expert and each has moved for summary judgment.

The Court's initial scheduling order, issued on October 6, 2016, selected an August 10, 2017 pretrial conference date and an August 28, 2017 jury trial date. The scheduling order required that all pretrial motions and motions *in limine* regarding the admissibility of expert testimony shall be filed in sufficient time to permit hearing no later than 28 days prior to trial. Although BMW NA's motion to disqualify and exclude the testimony of Frank Miller, Jr. and motion for summary judgment (Rec.Doc. 47) was filed in compliance with the initial scheduling order (that is, filed in time to be heard within 28 days prior to trial), the parties moved for and on July 12, 2017 were granted an extension

of certain pretrial deadlines, including the deadlines for discovery and depositions, as well as the deadline for filing pretrial motions. Based on the extensions granted, the plaintiff's motion *in limine* to exclude BMW NA's expert testimony and related report (Rec.Doc. 74) and its motion for summary judgment (Rec.Doc. 76) as well as BMW NA's motion to disqualify and exclude the testimony of Mark Bordelon (Rec.Doc. 79), were filed on July 25 and set for hearing on August 9, 2017. So that the dispositive motions and motions challenging admissibility of experts could be heard together on August 9, the Court continued the hearing on BMW NA's motion for summary judgment and motion to disqualify/exclude testimony. That the other pretrial and trial dates remained undisturbed meant that the pretrial motions were set for hearing less than three weeks before the August 28 trial date and just one day before the pretrial conference was scheduled to take place. On August 4, 2017, acknowledging the cramped schedule caused by the necessity in moving the pretrial deadlines to accommodate the parties,[1] the Court continued the trial schedule as well as the hearing on the pending motions.

---

[1] Of course, the Court could have denied the parties' joint request for an extension, but that would have been unreasonable and contrary to justice.

On August 18, 2017, the Court issued a new scheduling order, which selected a February 8, 2018 pretrial conference date and a March 5, 2018 jury trial date as well as new deadlines anchored to the new trial schedule. BMW NA now objects to and moves to amend the new scheduling order, opposes Lighthouse's motions to supplement its previously-filed motions, and seeks a status conference to discuss the deadlines that govern this case.

I.

BMW NA's motion to amend the new scheduling order, its request for a status conference, and its opposition to the plaintiff's motions to supplement its previously-filed motions are all based on its objection to the fact that the new scheduling order resets deadlines that had expired at the time the trial was continued. BMW submits that it will be prejudiced and forced to spend additional time and resources relitigating the case if the deadlines in the new scheduling order are upheld. Lighthouse counters that this Court's scheduling order explicitly provides that "deadlines and cut off dates will be extended automatically, unless otherwise ordered by the Court" if a continuance is granted. Lighthouse also submits that extending all deadlines, and not only the pretrial and trial dates, serve the interests of justice.

4

It is this Court's policy to automatically extend deadlines and cutoff dates if the Court continues the trial schedule. Once a new scheduling order has issued, no deadline or scheduled date will be disrupted absent good cause. No good cause has been shown to disrupt the dates and deadlines selected by the Court's August 18, 2017 scheduling order. The parties' request to extend the deadlines of the prior scheduling order was granted because good cause was shown: despite the parties' diligence, discovery had not yet been completed and the parties needed additional time to prepare pretrial motions based on ongoing discovery. Although the parties' prior request for an extension fell short of requesting a continuance of the pretrial conference and trial date, granting the parties more time indisputably failed to permit sufficient time for the Court to consider and resolve the parties' motions in advance of trial.

In seeking relief from the new scheduling order, BMW NA underscores that the Court on its own continued the trial schedule, but fails to acknowledge that the parties' inability to comply with the original scheduling order deadlines caused a chain reaction; that is, the reason underlying the parties' joint motion to extend <u>only</u> the pretrial deadlines -- to allow all parties additional time to complete discovery and to prepare their pretrial motions -- resulted in insufficient time for the Court to consider

5

and resolve dispositive motions and the underlying motions *in limine* or to disqualify experts upon which the dispositive motions are based. Deadlines imposed by a scheduling order are anchored to the trial date for good reason.[2] BMW NA fails to persuade the Court to resurrect its prior scheduling order.

BMW NA's frustration regarding the time and expense it has expended in litigating this case over the past year is noted, but its contention that Lighthouse will now have a second bite at the apple causing BMW NA to duplicate its efforts and prepare its defense to the same claims again rings hollow.[3] Although the Court acknowledges that both sides have and will spend additional resources and additional disputes will arise, the Court is not persuaded that these disputes will be unduly burdensome. Ultimately, if the merits are reached, this case will be resolved

---

[2] Indeed, the Court observes that Lighthouse argued in its opposition to BMW NA's motion for summary judgment that BMW NA's motion was premature because BMW NA had not identified a corporate representative that it could depose. It is worth noting that, in motion practice presently pending before Magistrate Judge Roby, Lighthouse now seeks sanctions on the ground that BMW failed to produce a knowledge witness and certain requested records in violation of the Court's order and in violation of the Federal Rules. On October 11, 2017, Magistrate Judge Roby ordered that BMW NA reproduce its designated representative to testify on certain targeted topics.

[3] The Court will not tolerate duplicative filings or other vexatious litigation tactics. If counsel in good faith believes that opposing counsel is engaging in such tactics, counsel would be best served to seek relief pursuant to 28 U.S.C. § 1927.

by the fact finder being persuaded as to whether it is more likely than not that the BMW parked inside the garage was the source of the fire that damaged the house. That the parties have engaged experts who differ on this critical point is simply a function of product liability litigation. The deadlines imposed by a scheduling order are not intended to be arbitrary cut-offs divorced from the reality of the time it takes to accomplish the tasks it governs. BMW NA submits that "[a]n entire year of litigation will essentially be erased" if the Court fails to resurrect the prior scheduling order. The Court declines to indulge hyperbole divorced from litigation realities. This one and only continuance in the life of this case is neither unreasonable nor unduly prejudicial.[4]

Accordingly, for the foregoing reasons, IT IS ORDERED: that BMW NA's objection or motion to amend scheduling order is DENIED and its motion for a status conference is DENIED as moot. IT IS FURTHER ORDERED: that Lighthouse's motions for leave to file supplemental opposition to motion to disqualify Frank Miller and motion for summary judgment; for leave to file supplemental opposition to motion to disqualify Mark Bordelon; and for leave to

---

[4] No future requests for a continuance will be entertained.

file reply memorandum in support of motion for summary judgment are GRANTED.[5]

New Orleans, Louisiana, October 11, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] In granting the plaintiff's motions for leave, the Court simply permits the supplemental papers to be filed. Allowing supplemental papers to be filed into the record should not be construed as a rejection of BMW NA's arguments advanced in opposition to the motions for leave. Nor should the ruling be construed as an advisory opinion that the materials submitted therewith are admissible. BMW NA's varied arguments advanced in opposition to the plaintiff's requests for leave to file supplemental papers (that the proposed addenda attached to Lighthouse's supplemental papers are untimely or inadmissible or repetitive or impermissible attempts to incorporate testimony and inadmissible evidence into expert reports) may be focused by way of proper motion or supplemental papers by BMW NA.