UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIGHTHOUSE PROPERTY INSURANCE CORPORATION, AS LEGAL AND CONVENTIONAL SUBROGEE OF TYRONNE SCOTT AND LUCRETIA SCOTT | CIVIL ACTION |
| VERSUS | NO: 16-14116 |
| BMW OF NORTH AMERICA, LLC, AND XYZ INSURANCE COMPANY | SECTION: "F" (4) |

### ORDER

Before the Court is a **Motion for Contempt and Sanctions (R. Doc. 100)** seeking an order finding BMW North America ("BMW NA") in contempt of court, for sanctions in the form of costs and attorney's fees, and such other relief as justice requires. Rec. Doc. 100. The motion is opposed. Rec. Doc. 138.

### I. Background

#### A. Factual Summary

This is a subrogation claim filed by Lighthouse Insurance Corporation ("Lighthouse") as a result of its payment to its insureds, the Scotts, for damages to their home. The Scotts' garage was damaged when their BMW caught fire while inside. Rec. Doc. 100-1. Lighthouse contends that the fire was caused by a design defect in the BMW. *Id.*

On August 4, 2017, Lighthouse took the Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition of BMW NA and requested documents pursuant to Rule 34. Lighthouse forwarded a list of twenty-one (21) proposed topics to which BMW objected, and which was reviewed by the court as a result of an earlier filed Motion to Compel. Rec. Doc. 50. The undersigned overruled BMW

1

NA's objections on all but one topic and ordered the deposition to go forward as noticed on the twenty (20) remaining items of inquiry. Rec. Doc. 68.

## B. The Current Dispute

Lighthouse contends that BMW NA's representative had no substantive knowledge, was unable to answer basic questions, and made no attempts to gain knowledge before the deposition on several issues. Lighthouse also contends that BMW NA did not produce any documents during the deposition despite receiving the Rule 34 Request for Production of Documents. Lighthouse, therefore, seeks an order of contempt for BMW's failure to comply with this court's order to produce a knowledgeable corporate deponent and produce the requested documents. Lighthouse also seeks costs and attorney's fees.

BMW NA contends that it is not in violation of the Court's order because during the hearing it expressed a desire to produce the most knowledgeable employee regarding the case, Mark Yeldham but that he was unexpectedly unavailable due to a family emergency. Rec. Doc. 71, p. 4. BMW NA contends that Lighthouse knew that if it went forward with the deposition as scheduled, despite the unavailability of the most knowledgeable witness, then there would be topics that the witness was not familiar with.

BMW NA also contends that Peter Baur, the alternate designated corporate representative, did prepare to testify on behalf of the company. BMW NA contends that Bauer investigated the noticed topics and reached out to several BMW NA employees to educate himself based on the corporation's knowledge, information, and records in its control. BMW NA contends that Lighthouse has not tried to resolve the issues that are the subject of this motion, yet it seeks to hold them in contempt. Further, BMW NA contends that Baur consulted with Yeldham and Sophia Roughgarden, both BMW NA employees. Rec. Doc. 121. BMW NA also argues its corporate representative investigated information known and reasonably available to the organization and had no obligation

to investigate facts or information outside of the corporation's knowledge to prepare for the Rule 30(b)(6) deposition. Fed. R. Civ. Proc. 30(b)(6).

Oral argument regarding the motion was heard on October 4, 2017. Prior to the issue being submitted, the undersigned issued an order (Rec. Doc. 145) requiring BMW NA to reproduce Mr. Baur and required him to provide testimony regarding the following topics:

1. Notice Topic 17 regarding the corporate structure of BMW NA and its relationship to BMW AG. The Court limited the testimony to the steps Baur took in order to prepare for the topic prior to his August 4, 2017 corporate deposition. Baur was also required to testify about whether he took the time to figure out the "layers" between BMW NA and BMW AG, other than BMW Holding, and whether there is a corporate structure overlap between the two entities.

2. Notice Topic 21 regarding BMW NA's investigation and/or inspection of the fire incident at issue in this litigation. The Court limited the testimony to the steps taken by Baur, such as who he spoke to and what he spoke to them about regarding the investigation, in order to prepare for his August 4, 2017 deposition.

3. Notice Topic 15, which sought documents shared between BMW NA and Peake Motor Co., Inc. d/b/a Peake BMW regarding the subject vehicle.

The Court further required BMW NA to submit a supplemental memorandum addressing which of its responses to written discovery overlapped with Notice Request 15, such that the witness was not required to reproduce documents already produced. Further, the Court required Lighthouse to file a supplemental memorandum regarding Notice Topics 12, 13 and 18, addressing why BMW NA's involvement in the sale of the vehicle is relevant to the issues in the case.

## II. **Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is non-privileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be

3

discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 37(b)(2)(A)(vii) provides for sanctions if under Rule 30(b)(6) a witness fails to obey an order to provide or permit discovery. A party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999).

Self-reporting is, in fact, a central concept of the discovery process. The duty of disclosure finds expression in the rules of discovery, and in this Court's Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence that he or his client has a legal obligation to reveal or produce.

Sanctions may be imposed on a party that, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(2). *In re Sept. 11th Liab. Ins.*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (citing Fed. R. Civ. P. 37(c)(1)). A failure to disclose under Rule 37 includes not only spoliation of evidence, but also a party's untimely production of documents and information required to be produced.

### III. Analysis

Lighthouse contends that BMW NA violated the Court's order of October 11, 2017, requiring Peter Baur to be produced as the alternate corporate representative. Lighthouse also argues that BMW NA failed to produce the required documents according to Rule 34.

BMW NA contends that:

1. It did not violate an order of the court;

2. Lighthouse knew that its preferred witness had a family emergency, but insisted on requiring them to produce a corporate witness who, while prepared, may not have all of the answers as required;

3. That its representative's testimony on the only five topics at issue was sufficient, and the plaintiff only complains about five of the twenty topics listed in the notice which its corporate representative provided testimony on;

4. That plaintiff failed to assert or preserve any objection regarding the sufficiency of Baur's testimony during the deposition and therefore plaintiff waived the right to assert any objection regarding Baur's testimony;

5. That plaintiff also waived its objection to the witness' testimony regarding the board members because he acquiesced in the response rather than preserve an objection.

6. That while it sought to obtain documents from BMW AG, BMW AG refused to provide certain information or documents and therefore it cannot be required to produce documents it did not have.

7. That testimony regarding Topics 12, 13 and 18 was sufficient, and if not, the ability to challenge the sufficiency of the response was waived because the plaintiff failed to timely lodge an objection during the deposition;

8. That as to Topic 21, regarding BMW NA's investigation, its corporate representative testimony was responsive and in addition a deposition was also taken of Mike Donahoe, who performed the inspection.

The court has the clear authority under Fed. R. Civ. P. 37(b) to sanction a party for failure to obey an order that provides or permits discovery. If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue "further just orders" including:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[1]

The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976). Typically, Rule 37(b) sanctions are not available until the court has issued a specific discovery order, orally or in writing, instructing a party to submit to discovery so it is clear that the offending party has been alerted to what is required and the potential seriousness of noncompliance. *See Halas v. Consumer Servs.,* 16 F.3d 161, 164 (7th Cir. 1994); *See e.g., Shepherd v. ABC, Inc.,* 62 F. 3d 1469, 1474 (D.C. Cir. 1995).

However, the court can sanction at any time based on the court's inherent authority to sanction. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg.*, 982 F.2d 363, 368 (9th Cir. 1992). Although not all courts agree, the Fifth Circuit allows for discovery sanctions to be imposed even when there is not a total failure to respond, but also when the response has been so evasive or misleading or inadequate that it amounts to no response at all. *See Coane v. Ferrara Pan Candy Co.*, 898 F.3d 1030, 1031 n.1 (5th Cir. 1990).

### A. <u>Discovery Order</u>

The first issue for the court to decide is whether there is a discovery order that BMW NA failed to comply with. There is no dispute that the Court issued a discovery order in this matter.

During oral argument, the Court determined that it would allow the deposition to go forward

---

[1] Fed. R. Civ. P. 37(b)(A).

with the deposition topics as noticed with the exception of one. The Court found the topic seeking "[a]ny vehicle fires reported or alleged to have started within any vehicle imported or distributed by BMW NA while the vehicle was parked and not running within the last nine (9) years" to be overly broad and beyond the scope of permissible discovery. After receiving word from the Defendant about the availability of its corporate representative, the Court ordered that the Defendant submit to its 30(b)(6) deposition on August 4, 2017. Rec. Doc. 68.

Although the court ordered that the deposition should take place, the undersigned also warned Plaintiff's counsel that asking the distributor about the design of the vehicle might not result in fruitful information. Counsel for the plaintiff acknowledged that the topics might result in an inability to answer given the division of the duties of the distributor and the manufacturer and that if he experienced this problem that he would move on. Rec. Doc. 71, p. 25.

Counsel for the plaintiff also acknowledged that all they wanted from BMW NA was that it had no institutional knowledge of this and then would move onto the next topic. *Id*. During the hearing, the Court anticipated that because the topics were split between manufacture and design and corporate structure and division of operations there would be instances in which the representative might not know key information. *Id*. Plaintiff's counsel again acknowledged that he only wanted an answer regarding whether they had the information and that they would not later file a motion for sanctions because the witness lacked information sought in the notice. *Id*. at p. 26. After oral argument the Court ordered that the Defendant submit to a 30(b)(6) deposition. R. Doc. 68.

**B. The Order Required Certain Conduct.**

The order required BMW NA to produce a representative to provide testimony on the topics in the notice, except for Notice Topic 20. Rec. Doc. 68. Lighthouse contends that the witness was not able to answer questions regarding topics other than the manufacture and design topic, which Lighthouses counsel stayed away from.

BMW NA contends that Lighthouse has failed to establish that it violated the second requirement of the analysis because there is no evidence, much less clear and convincing evidence, that the order of July 21st required certain conduct by BMW NA that it failed to comply with during the August 4, 2017 deposition. BMW NA contends that the order only required it to produce a representative to testify, that it did so, and therefore, they complied with the order.

Federal Rule of Civil Procedure Rule 30(b)(6) requires the corporation to produce a representative who can testify to matters "known or reasonably available to the organization" and requires the corporation to prepare a witness to testify to matters within the corporation's knowledge. *See Union Pump Co. v. Centrifugal Technology Inc.*, 404 Fed. App'x. 899 (5th Cir. 2010)

The Court, however, finds the second prong for a contempt determination was met because the order required BMW NA to produce a representative to testify about the topics contained in the 30(b)(6) notice, with the exception of Notice Topic 20. BMW NA is misplaced in its suggestion that the order needed to find that it withheld information or failed to testify regarding certain topics. The clear purpose of the 30(b)(6) deposition, which they were ordered to produce a representative for, is to cause the witness to testify about the topics in the notice; to find otherwise would render the order null and void. Therefore, the court finds that the second requirement is met.

C. **Compliance with the Order.**

Lighthouse contends that although Baur was offered as a representative of the corporation, he was not adequately knowledgeable about several noticed topics. It further contends that it kept its word and moved on when the witness was not knowledgeable about the manufacture and design of the vehicle.

Lighthouse also contends that Baur, the representative, was not: (1) prepared to adequately discuss the investigation; (2) did not know the identity and roles of people involved in the investigation; (3) admitted that he was not familiar with all the steps of the investigation; and (4) was

8

not truly knowledgeable about the person who completed the root cause analysis because his testimony was contradicted by the witness who he believed completed the analysis.

Lighthouse also contends that Baur was unprepared to testify about the importation and distribution of the subject vehicle or services performed by BMW NA on imported vehicles. For example, Lighthouse contends that Baur lacked knowledge regarding: (1) where BMW NA took possession of the vehicle; (2) what was done to the vehicle at the distribution center; and (3) the procedures for inspecting vehicles at that time. Lighthouse contends that these topics were included in the notice and are also necessary to its theory of the case that BMW NA is a product manufacturer pursuant to the Louisiana Product Liability Act ("LPLA").

Lighthouse also contends that BMW NA's representative was not aware of pricing information for the vehicle. Finally, Lighthouse argues that BMW NA failed to produce the dealership agreement in connection the Rule 34 requests for all documents between BMW NA and Peake Motor Co., Inc. ("Peake") regarding the subject vehicle.

BMW NA contends that: (1) Plaintiff's motion only addresses the representative's testimony regarding five of the twenty deposition topics which its representative testified at length about; and (2) there was no request by the Plaintiff for BMW NA to supplement its testimony. BMW NA contends that plaintiff knew that many of the topics noticed would likely be outside of BMW NA's knowledge, nor would be reasonably available to the organization, and it had no obligation to investigate facts or information outside of its knowledge to prepare for the 30(b)(6) deposition.

1. **Sufficiency of Baur's Testimony Regarding the Investigation**

Topic 21 of the Notice sought testimony regarding BMW NA's investigation and/or inspection of the fire incident at issue in the litigation. Plaintiff suggests that Baur's testimony regarding how Yeldham would make the decision to send either an expert or specialist was inadequate. R. Doc. 100-2, pp. 24-25. According to the Plaintiff, the witness' inability to provide testimony regarding how Yeldham would make this decision indicates that he was not prepared to

testify about the investigation. However, the Court finds that this line of question is not directly associated with the investigation itself and the fact that the witness was not aware of this line of questioning does not render his testimony inadequate.

Additionally, the Plaintiff suggests that because Baur did not know about Aileen Flynn's role at the company, although she was involved with the claim, renders his testimony inadequate. *Id.* at p. 33. Again, the Court disagrees with this line of thinking. Baur knew that she was involved with the claim. Most notably to the Court, Plaintiff's counsel failed to ask the witness about her particular role regarding the investigation of the claim. The fact that the witness was unaware of her title is not relevant to the core issue plaintiff's counsel was purportedly trying to acquire information about, which is what did BMW NA do when it investigated the cause of the fire.

The Court notes further that Plaintiff's counsel also inquired of Lindsey Morrison and Daniella Papa and their role in the company. *Id.* at pp. 32-33. Upon securing testimony that he was not aware of their titles, plaintiff's counsel moved on to the next topic and did not inquire as their role in the claim or investigation. Again, the lack of knowledge regarding their titles is not indicative that the witness was not prepared.

Next, the witness during questioning acknowledge that he did not know whether Yeldham consulted with anyone in order to reach his determination and that he only asked Yeldham about his determination. Whether Yeldham consulted with someone else in making the determination, would be relevant to the topic of the scope of the investigation.

Baur acknowledged that although the report indicated that it was not necessary for the engineer to see the rest of the house, he did not know why. *Id.* at pp 40-41. He was not aware of whether BMW NA had requested the report from the fire department, he acknowledged that he was not familiar with all the steps taken in the investigation and he believed the words in the report "Not Yet Determined" were written by Donahoe when in fact they were not. *Id.* at pp 146-47.

Baur, however, testified that in connection with the investigation, customer relations notified the product analysis department, made arrangements for the product analysis specialist to inspect the vehicle, and the inspection and evaluation report was done by Yeldham. Baur confirmed that Donahoe was sent to the scene of the fire. *Id.* at p. 23. Counsel never specifically questioned the witness about the specific steps taken. However, in reviewing the questions and testimony, the Court finds that Baur's testimony was inadequate as to this topic.

### 2. Sufficiency of Testimony Regarding the BMW NA/BMW AG Relationship

Topic 17 sought information about the corporate structure of BMW NA including the relationship to BMW AG, all of its parent and subsidiary corporations or entities, and the identity of the board members and officers of BMW NA and BMW AG. The witness confirmed that BMW NA is a wholly-owned, indirect subsidiary of BMW AG and that there is a holding company in between, that there are other layers, and that he did not know the identity of the other layers. He testified that he was aware of the board members of BMW AG, but he was not aware whether the board met periodically.

BMW NA suggests that the Plaintiff waived the right to contest the responsiveness of the testimony when Baur did not know the layers of the company structure. However, Fed. Rule Civ. Proc. 32 (d)(3)(a) expressly states that the failure to object to testimony regarding preparation is not waived unless it could have been corrected at the time. Therefore, the fact that Baur did not have knowledge about the corporate structure, the identity of the board members, and whether there was cross pollination of board members through the entities, indicates that Plaintiff's failure to object was not waived because the problem could not be corrected at the time.

Additionally, BMW NA has not presented any evidence about its efforts to obtain documents or that a request of any other BMW entity regarding the corporate structure was refused. The Court finds that the witness's preparation was lacking regarding the relationship between BMW NA and BMW AG. It actually appears that, other than having somewhat general knowledge, Baur took no

additional steps to prepare for this topical area and there is no suggestion by BMW NA that the information is not reasonably available to him. As to Topic 17, the Court finds that the witness lacked the knowledge and preparation in this area.

The Court further notes that while the parties were required to supplement their submission after Baur was re-deposed on limited topics, BMW NA has not addressed the question of what Baur did to prepare for Topic 17, which sought information about the corporate structure and relationship of the entities. However, Baur's testimony on the subject clearly indicates that he assumed that because he worked there since 1985 he understood the structure and did not need any additional knowledge about BMW NA and BMW AG, which is clearly contradicted by his earlier testimony. Baur's testimony confirms that while he is generally aware that there are other layers between BMW NA and BMW AG, he did not know what they were, he did not obtain information from anyone else about the layers, and what he testified to was only from memory. Considering that one of the issues is the overlap of the two companies, common ownership and control, and the preparation and modification of the product, Baur failed to adequately prepare for Topic 17.

**3. Sufficiency of the Testimony Regarding BMW NA's Purchase and Service of the Vehicle**

Baur, according to Plaintiff, was not prepared to testify to matters involving the importation and distribution of the subject vehicle or services performed on the imported vehicle. Plaintiff contends that this line of questioning goes directly to the determination of whether BMW NA can be found as a manufacturer. Plaintiff's counsel contends that the LPLA was designed to address the issue of product warranty administration, which would render BMW NA a manufacturer. Plaintiff also contends the distributor prepares the vehicle for distribution at the time of purchase and this would also render BMW NA a manufacturer.

BMW NA contends that Baur's testimony regarding Topics, 12, 13 and 18 were sufficient and, that to the extent that he did not answer the questions, Lighthouse waived any objection because it failed to timely object during the deposition.

Topic 12 sought any and all information regarding the importation of the subject vehicle, including but not to limited to, the person or entity from whom BMW NA purchased the subject vehicle, the price paid, the date and manner of transport of the subject vehicle from outside of the United States and/or within the United States at any time. Topic 13 sought any and all information regarding the sale or distribution of the subject vehicle by or on behalf of BMW NA to any person or entity. Finally, Topic 18 sought any and all information regarding any activity, work, or services performed with respect to the subject vehicle by or on behalf of BMW NA at any time.

Baur testified that he was aware of the fact the subject vehicle was purchased from BMW AG. Rec. Doc. 100-2, p. 57. He was not, however, aware of where the vehicle was transferred to BMW AG. *Id.* Bauer testified that the vehicle was imported to the United States by boat and arrived at the distribution center. *Id.*

Baur reviewed the warranty system and noted that there was no warranty work in the system and that "handling" the vehicle simply meant determining which dealership the vehicle would be transported and also checking the vehicle for damage. *Id.* at pp. 64-65. Baur testified that BMW NA would have checked the vehicle for transportation damage and confirmed that once the vehicle is transported to the dealer that the dealer performs a pre-delivery inspection. *Id.* at p. 65. However, he was not aware of what a pre-delivery inspection involved. *Id.*

Regarding Topics 12, 13 and 18, the Court finds that Baur's testimony is sufficient. It is true that there were some minor details under these topics that he lacked information, however, those details such as the location of transfer and purchase price were not probative of whether BMW NA engaged in conduct where it could be deemed a manufacturer under the LPLA.

### 4. **Documents Shared Between BMW NA and Peake Motor Co. Inc. Regarding the Subject Vehicle**

Topic 15 sought the production of documents shared between BMW NA and Peake Motor Co. regarding the subject vehicle. It is undisputed that BMW NA failed to produce the documents referenced in Topic 15, yet it contends that the documents were previously produced in response to written discovery.

BMW NA contends that Topic 15 was limited to documents regarding the specific 2008 vehicle at issue in this case. BMW NA states that it does not have any records regarding the 2008 Vehicle responsive to Request 15 as written because none of the documents referencing Peake were "exchanged and shared" with Peake. BMW NA also indicates that the only documents that even relate to the 2008 vehicle with information likely originating from Peake BMW are: (1) the Retail Delivery Report; (2) the "Warranty Vehicle Inquiry-Campaign Summary" and "Warranty Vehicle Inquiry;" and (3) the Carfax Vehicle History Report which were all attached to its supplemental opposition. Rec. Doc. 152.

In analyzing this issue, the Court finds that BMW NA's failure to produce any documents relative to Topic 15 did not violate the order. In closely reading Topic 15 and evaluating Lighthouse's position regarding the Topic, Lighthouse broadly interpreted the scope of the Topic to include the production of the agreement that BMW NA has with Peake. However, the Topic limits the scope of documents to those documents between the two entities concerning the subject vehicle. BMW NA denies the existence of documents that were exchanged or shared with Peake. Further, the agreement that exists between it and Peake is not "concerning the subject vehicle." Therefore, the Court finds that with respect to this Topic BMW NA did not violate this Court's order.

### 5. Exhibit B-Document requests

` In addition to the twenty one proposed topics and document requests BMW NA was required to bring twenty one different categories of documents. Plaintiff complains that the representative failed to bring any of the documents on Exhibit B to the deposition.

In response, BMW NA contends that the information sought in Exhibit B was the same as the information sought in the Requests for Production of Documents it had received earlier from the plaintiff.

Although not appended to the motion, the original request for production of documents were in the record because BMW NA had refused earlier to respond to them. The original discovery was focused on general information regarding the underlying incident and documentation regarding the claim, including warning labels that accompanied the vehicle at the time of sale. It also sought general information regarding vehicle defects, the structure of BMW, vehicle testing, and witness information. Rec. Doc. 20-3.

In contrast, the information sought by Exhibit B was for documentation regarding testing of the vehicle, manufacturing defect regarding the battery cable, final design considerations as to the battery cable, and alternative designs regarding the subject vehicle in general as well as more specifically the wire, the cable, and testing of alternative designs. Rec. Doc. 100-3. Item 11 sought manuals and testing information regarding any quality testing done as to the battery cables and/or terminals connected to the battery cables. Item 12 sought documents regarding the importation of the vehicle to the United States. *Id.*

A close review of the two requests indicate that the overlap is minimal at best. The information sought by Exhibit B in a large part has been tailored to the battery cables. Specifically, Items 2, 3, 7, 8, 11, and 16 sought documents that would discuss the sharing of information between BMW NA and BMW AG. It also sought warranty information and documentation regarding vehicle

15

fires that BMW NA received while the vehicle was parked and not while running in the last nine years.

The fact that BMW did not produce any of the documents referenced in these topics can only be construed as an intentional act on its part. However, at the beginning of the deposition, BMW's counsel objected to both Exhibit A and B on the grounds that the topics were overbroad and vague to the extent that they were not reasonably calculated to lead to the discovery of admissible evidence and to the extent that it seeks information beyond the allegations in the lawsuit. Rec. Doc. 100-2. Additionally, BMW NA objected the extent that the information is in the possession of another entity in particular BMW AG. *Id.*

A review of the record indicates that at the time of the deposition in September 2017, many of the topics were irrelevant, not limited in time, and certainly overbroad. For example, Exhibit B sought information regarding alternative designs and document sharing between the two BMW entities. BMW AG was not a party to the lawsuit, which was the strategic decision of Lighthouse. The Court notes that the objections lodged were well founded.

While plaintiff's counsel believed that the undersigned overruled objections regarding Exhibit B, this is not correct. The court only passed judgment on one of the topics but not the others. Further the Court notes that the topics in Exhibit B were largely overbroad and lacked a temporal scope. While BMW NA contends that it had already produced the documents in Exhibit B in response to the Request for Production of documents, this argument is patently false. Be that as it may, however, previous counsel for BMW NA adequately and appropriately protected the record. Therefore, the court finds that the failure to produce documents pursuant Exhibit B although intentional does not constitute contempt.

**IV.     Conclusion**

In assessing whether BMW NA's conduct is contemptuous, the Court finds that it is not. First, there were 42 combined topics with 21 seeking information and 21 seeking documents. Of the total

numbered areas of discussion and production the Court only ruled on one topic which was precluded. Of the combined topics, Lighthouse complains about five. Of the five that are complained about, only in two areas was the witness inadequately prepared and assumed that he had enough information. BMW NA's failure to produce documents responsive to Exhibit B does not constitute contempt for the reasons assigned above.

Although BMW is not in contempt, the Court finds that BMW NA is required to produce a witness at its own expense to address the investigation and relationship between the BMW entities no later than forty (40) days from the signing of this order.

Accordingly,

**IT IS ORDERED** that the **Motion for Contempt and Sanctions (R. Doc. 100)** is **DENIED.**

**IT IS FURTHER ORDERED** that BMW NA shall produce a corporate representative for a Rule 30(b)(6) deposition on Topics 17 and 21 at BMW NA's expense no later than forty (40) days from the signing of this order.

New Orleans, Louisiana, this 12th day of January, 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**