UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIGHTHOUSE PROPERTY INSURANCE CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14116** |
| **BMW OF NORTH AMERICA, LLC** | **SECTION: "F" (4)** |

### ORDER

Before the Court is Lighthouse Property Insurance Company's **Motion for Leave to File Supplemental and Amending Restated Petition for Damages. R. Doc. 166.** The motion is opposed. R. Doc. 168. The motion was heard on the briefs.

### I.  Background

The instant action is a subrogation claim filed by Lighthouse Property Insurance Corporation ("Lighthouse") as a result of its payment to its insureds, the Scotts, for damages to their home. The Scotts' garage was damaged when their BMW caught fire while inside. Lighthouse contends that the fire was caused by a design defect in the BMW.

The instant motion was filed by Lighthouse seeking leave of the Court file a supplemental and amending restated petition for damages. R. Doc. 166. Lighthouse states that it had recently learned that BMW of North America, LLC ("BMW NA") had issued two (2) safety recalls affecting approximately 1 million vehicles, which included the 2008 32i which is at issue in the litigation. R. Doc. 166-1, p. 1. Lighthouse states these recalls indicate there are two distinct defects with cause the vehicles engine compartment to catch fire. Lighthouse argues that: (1) the motion is timely pursuant to the District Court's Scheduling Order issued on November 17, 2017; (2) it seeks to supplement and restate what is currently known about the defects and the subject vehicle; (3) the amendment will not delay the resolution of the matter; and (4) the interests of justice require that leave to amend should be granted.

BMW NA opposes the motion. R. Doc. 168. Specifically, BMW NA opposes new Paragraph No. 7 which includes a statement that BMW NA is a wholly owned subsidiary of BMW AG, was the importer and distributor of the automobile in United States, assumed and/or administered a warranty, is responsible for all defects and recalls, and is the statutory manufacturer under La. Rev. Stat. 9:2800.51. R. Doc. 168, P. 2. It opposes the motion because Paragraph 7 is unrelated to the recalls and alleges information known to the Plaintiff throughout the litigation before the recalls, which Lighthouse failed to include earlier. *Id.* BMW NA argues that when there is an apparent lack of diligence the burden shifts to prove the delay was due to excusable neglect, and there has been no justification as to why the allegations in Paragraph 7 haven't been included earlier. *Id.* at p. 3.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l*

*Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

**III.    Analysis**

The District Court issued a Scheduling Order in this case on November 17, 2017, stating that all amendments to pleadings shall be filed no later than thirty-days from that day. R. Doc. 162. The instant motion was filed on December 18, 2017, was marked deficient by the clerk's office and remedied on December 22, 2017. R. Docs. 165, 166. Pursuant to the scheduling order and Federal Rule of Civil Procedure 6 the motion was timely filed. As a result, the liberal pleading of Rule 15(a) applies to this motion.

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, the Fifth Circuit has indicated that "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

The Court finds no undue delay, bad faith, or dilatory motive in the filing of this motion. The matter is currently set for trial on September 10, 2018. Discovery is on-going and pursuant to the District Court's current scheduling order shall be completed by late July 2018. R. Doc. 162. There is no indication that this amendment will create any delay in the resolution of this litigation. As

3

Plaintiff indicated, the amendment is meant to reflect what is currently known in the case. As such, the first factor weighs in favor of amendment.

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

In its opposition, BMW NA argues that the information that is sought to be amended in Paragraph 7 has been available and known to the Plaintiff for a long time and that the motion should be denied. In response BMW NA points to their original complaint (R. Doc. 1-1), which references the Louisiana Products Liability Act sections indicating that the defendant was the statutory manufacturer and putting the defendant on notice of this claim. R. Doc. 169-1.

The Federal Rules of Civil Procedure provides for liberal notice pleading where "[t]he merits of a claim would be sorted out during a flexible pretrial process, and, as appropriate, through the crucible of trial." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 575-76 (2007). "Notice pleading and not fact pleading, as in state court, is all that is required under the Federal Rules of Civil Procedure." *Simoneaux v. Jolen Operating, Co.,* No. 04–2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004). The United States Supreme Court has emphasized the liberality and broad interpretation of pleadings under Rule 8, so as not to require "hyper technical code pleadings." *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

The Court finds that the second factor weighs in favor of amendment. This is BMW NA's

4

second amendment, and BMW NA is not filing it to cure a defect, but rather to plead the issues for which the District Court continued the trial and plead the obvious relationship between "the recalls and the subject vehicle fire." R. Doc. 166-1. This Court finds further that prior pleadings in this matter, as well as arguments before this Court, have raised the issue of the LPLA, and therefore finds BMW NA's argument unpersuasive.

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

The Court does not find any undue prejudice from the filing of this motion. The Plaintiff's proposed amendments do not fundamentally alter the case, nor is there a need to reopen discovery as it is on-going, nor prepare for a claim that is different than what is before the Court already. It further does not restructure the case anew. As noted, BMW NA opposes Paragraph 7 on the grounds that the information contained within it was already known to the parties and Plaintiff failed to amend this paragraph earlier. R. Doc. 168. As the opposition notes, this information was already known and

5

therefore BMW NA was on notice of the LPLA claim, and both the original and first amended complaint in this matter reference the statute of the LPLA. As such, this addition cannot be found to cause undue prejudice.

The fourth factor the court considers when determining whether or not to grant leave to file an amendment pursuant to Rule 15(a) is whether the amendment and potential new claims are futile. The Court does not find the amendments to be facially futile, nor does BMW NA oppose the motion on the grounds that it is futile. Therefore, the Court finds that fourth factor weighs in favor of granting the motion.

A review of the briefs, proposed pleading, and record leads the Court to find that the Rule 15(a) factors weigh in favor of amendment and granting the motion.

## IV. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Supplemental and Amending Restated Petition for Damages (R. Doc. 166)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall file into the record Plaintiff's Supplemental and Amending Restated Petition for Damages.

New Orleans, Louisiana, this 2nd day of March 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**